UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO MACAYAN, et al., | No. 2:15-cv-1119 TLN CKD PS |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RUSHMORE LOAN MANAGEMENT SERVICES, et al., | |
| Defendants. | |

Defendants' motion to dismiss came on regularly for hearing August 12, 2015.  Plaintiff Priscilla Macayan appeared in propria persona.  Plaintiff Guillermo Macayan, proceeding pro se, failed to appear.  Jana Logan appeared telephonically for defendants.  Upon review of the documents in support, opposition and supplemental memorandum of law, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, plaintiffs allege a claim for wrongful foreclosure of a property located at 2343 Lansdowne Place, Vallejo, California.  In December 2007, plaintiffs obtained a loan secured by the property through Countrywide Bank, FSB.  Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

/////

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

The complaint, while prolix, does not set forth any cognizable claim. Plaintiffs do not seek rescission and do not allege any impropriety with respect to the foreclosure of the property. The gravamen of the complaint appears to challenge the securitization of the loan and on that basis, plaintiffs challenge the foreclosure as unlawful.

Plaintiffs lack standing to challenge any defects in the securitization process because they were not parties to the securitization agreement. Assignment of the loan to a Real Estate Mortgage Investment Conduit ("REMIC") does not invalidate the ability of the bank to enforce the terms of a deed of trust and no cause of action arises from such assignment. See Nguyen v. Bank of Am. Nat'l Ass'n, 2011 WL 5574917, at *9 (N.D. Cal. Nov. 15, 2011); see also Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 514-15 (2013) (plaintiff lacked standing to challenge purported violations of investments trust's pooling and servicing agreement); Wadhwa v. Aurora Loan Servs., LLC, 2011 WL 2681483, at *4 (E.D. Cal. July 8, 2011) (assignment of note to REMIC does not render interest in the property other than plaintiff's invalid); Benham v. Aurora Loan Servs., 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009) (lenders do not lose their

/////

power of sale pursuant to a deed of trust when the original promissory note is assigned to a trust pool).

Plaintiffs also contend that the deed of trust was separated from the note and therefore the foreclosure was wrongful. Under California's comprehensive foreclosure scheme, California Civil Code § 2934, et seq., proof of note ownership is not necessary to conduct a nonjudicial foreclosure sale pursuant to a power of sale provided under a deed of trust. See Moeller v Lien, 25 Cal. App. 4th 822, 830 (1994); see also Rogers v. Cal. State Mortg. Co., 2010 WL 144861, at *6 (E. D. Cal. Jan. 11, 2010) ("produce the note" theory meritless).

Finally, plaintiffs fail to demonstrate a valid, unconditional tender of the sums owing under the loan. The absence of a valid tender is fatal to plaintiffs' claim of wrongful foreclosure. See Karlsen v. American Sav. & Loan Assn., 15 Cal. App. 3d 112, 117 (1971) (action to set aside trustee's sale for irregularities in sale notice or procedure should be accompanied to offer to pay full amount of debt for which property was security).

Plaintiffs have made no proffer that suggests amendment would be anything other than futile. The motion to dismiss should therefore be granted with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 5) be granted without leave to amend; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 18, 2015

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 macayan1119.57